UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                              Case No. 8:24-CR-429-CEH-CPT

SLAWOMIR WINIEWSKI
WIESLAW ROBERT RUTA
PIOTR MAREK ADAMCZYK
_____/

### DEFENDANTS' MOTION  SEEKING EXCLUSION OF ELECTRONIC DATA EVIDENCE PROVIDED TO DEFENSE COUNSEL ON THE EVE OF TRIAL OR ALTERNATIVELY REMOVE THIS MATTER FROM THE TRIAL DOCKET AND SET A STATUS CONFERENCE

Comes now, defendants Winiewski, Ruta, and Adamczyk, by and through undersigned counsel and co-defendant counsel Ryan McGuire and Omar Abdelghany, pursuant to Rules 12, 47, and 16 of the Federal Rules of Criminal Procedure, and move this Court to exclude from trial in this matter, all data extraction evidence made available to defense counsel on February 6, 2026, approximately 2 weeks before the trial in matter.  The government took possession of electronic devices from the defendants and the vessel in this matter approximately 17 months ago at the time of the defendants' arrest on September 21, 2024.  However, it was not until February 6, 2026, that the government provided defense counsel with an expert data collection report through Cellebrite software containing thousands of text communications, chats, emails, and images as well as location information related to defendants' cell phones' GPS.

While undersigned counsel are in the process of trying to download and understand the scope of this late provided discovery, it will be impossible for defense counsel to review all the approximately 683 gigabytes of data prior to the trial in this matter on February 23, 2026.  Not only is the shear volume of the data overly prejudicial if allowed into evidence at this late stage but, much of the text communications, chats and emails are in a different language which requires

defense counsel to schedule time with a Polish speaking and Spanish speaking interpreter and then subsequently meet with the defendants.

The late production of this extraction evidence and intent by the government to use such evidence at trial is contrary to the timely disclosure required by Rule 16 and presents a very real danger of unfair prejudice to the defendants in this matter by undercutting their due process rights and rights to effectively confer with defense counsel. "A district court's decision to impose a Rule 16(d)(2) sanction for the violation of a discovery order, and thus its choice of sanction, is a matter committed to the court's sound discretion. Absent an abuse of discretion, the court's decision will not be disturbed on appeal." United States v. Euceda-Hernandez 768 F.2d 1307 (11th Cir. 1985) citing United States v. Burkhalter, 735 F.2d 1327, 1329 (11th Cir. 1984); United States v. Campagnuolo, 592 F.2d 852, 858 (5th Cir. 1979). In exercising its discretion, the district court must weigh several factors, and, if it decides a sanction is in order, should fashion "the least severe sanction that will accomplish the desired result — prompt and full compliance with the court's discovery orders." United States v. Sarcinelli, 667 F.2d 5, 7 (5th Cir. Unit B 1982). See also Burkhalter, 735 F.2d at 1329; United States v. Gee, 695 F.2d 1165, 1169 (9th Cir. 1983) (citing Sarcinelli, supra.) Among the factors the court must weigh are the reasons for the Government's delay in affording the required discovery, the extent of prejudice, if any, the defendant has suffered because of the delay, and the feasibility of curing such prejudice by granting a continuance or, if the jury has been sworn and the trial has begun, a recess. Burkhalter, 735 F.2d at 1329; United States v. Hartley, 678 F.2d 961, 977 (11th Cir. 1982), cert. denied, 459 U.S. 1170, 103 S.Ct. 815, 74 L.Ed.2d 1014 and 459 U.S. 1183, 103 S.Ct. 834, 74 L.Ed.2d 1027 (1983); Sarcinelli, 667 F.2d at 6-7.

Undersigned counsel conferred with defense counsel for Mr. Winiewski, Ryan McGuire, and he would like the court to know that does not join in this motion insofar as he does not intend to contest the allegations against him at trial. However, he does not oppose the relief sought by the other defendants.  Undersigned counsel conferred with defense counsel for Mr. Adamczyk, Omar Abdeghany, and he specifically joins in the instant Motion and seeks the relief requested herein.

WHEREFORE, the Defendants request this Court grant the exclusion of the untimely data evidence provided by the Government on February 6, 2026, two weeks before trial or alternatively set the case for a status conference and remove it from the February 23, 2026, trial docket.

Respectfully submitted,
TROMBLEY & HANES

By: */s/ Wes Trombley*_____
WES TROMBLEY, Esq.
Florida Bar No. 0684953
Trombley & Hanes
707 North Franklin Street
Tenth Floor
Tampa, Florida 33602

**CERTIFICATE OF SERVICE**
I HEREBY CERTIFY that on this 11th day of February 2026, a true copy of the foregoing was filed by the CM/ECF system with the Clerk of the Court, which will send a notice of the electronic filing to United States Attorney's Office and all defense counsel of record.

*/s/ Wes Trombley*_____
WES TROMBLEY, Esq.