UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 8:24-cr-429-CEH-CPT

SLAWOMIR WINIEWSKI
WIESLAW ROBERT RUTA, and
PIOTR MAREK ADAMCZYK

## GOVERNMENTS MOTION FOR JUDICIAL DETERMINATION THAT THE VESSEL WAS SUBJECT TO THE JURISDICTION OF THE UNITED STATES

The United States of America, by Gregory W. Kehoe, United States Attorney

for the Middle District of Florida, respectfully requests that this Court find that the

vessel in this case was subject to the jurisdiction of the United States at the time it

was interdicted by the United States Coast Guard. The vessel was in international

waters, nearly 200 miles away from land when it was sighted and interdicted by the

Coast Guard. The master of the vessel claimed Polish nationality, but Polish

authorities notified the RESOLUTE that the NICOLLET was not located in

Poland's vessel registry.

## SUMMARY OF FACTS

The defendants are charged in a two-count indictment with possession, and

conspiracy to possess, with intent to distribute five kilograms or more of a mixture or

substance containing a detectable amount of cocaine, in violation of the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. § 70501, *et seq*. These charges arose out of a September 20, 2024, interdiction by the U.S. Coast Guard Cutter RESOLUTE of the NICOLLET, a 46-foot Poland flagged sailing vessel, in the international waters of the Caribbean Sea, approximately 197 nautical miles north of Barranquilla, Colombia. The defendants, Slawomir Winiewski, Wieslaw Robert Ruta, and Piotr Marek Adamczyk, were the three (3) crewmembers of the NICOLLET. All three defendants are citizens of Poland and have no voluntary connection to the United States.

On September 19, 2024, the Coast Guard initially encountered the NICOLLET, in international waters. The Coast Guard Cutter RESOLUTE plotted a course to intercept the vessel. Given the time of day and minimal light, the Coast Guard observed the NICOLLET overnight and decided to conduct a right of approach the following morning. On September 20, 2024, the RESOLUTE boarding team conducted right of approach questioning to determine and verify the nationality of the NICOLLET. During the right of approach questioning, defendant, Slawomir Winiewski, identified himself as the master of the vessel and made a verbal claim of Polish nationality for the vessel. The vessel was also flying a Polish flag. Winiewski stated that the vessel left from Panama on September 14, 2024, and was heading to Martinque to fix a steering problem. During this questioning, the RESOLUTE

boarding team noted rub marks along the hull of the vessel, extra fuel on board, and a path of travel that did not coincide with the master's statements.

Based on the claims of Polish nationality and pursuant to Article 17 of the United Nations Convention Against Illicit Traffic of Narcotic Drugs and Psychotropic Substances of 1988, the United States contacted the Government of Poland and requested confirmation of the NICOLLET's registry and nationality. While waiting for a response from Poland, the RESOLUTE remained near the NICOLLET. At approximately 6:00 p.m. the same day, Polish authorities notified the RESOLUTE that the NICOLLET was not located in Poland's vessel registry. See Doc. 51-1. As such, the RESOLUTE was granted a Statement of No Objection to conduct a right of visit boarding. The RESOLUTE boarding team gathered the vessel's documents, including the purported registration and passports of the crewmembers, in an effort to verify the vessel's registration and crew's identities. The Coast Guard verified the NICOLLET was not registered with Poland and therefore was authorized to treat the NICOLLET as a vessel without nationality. The RESOLUTE boarding team then proceeded to conduct a full law enforcement boarding. During this board, RESOLUTE boarding team located and seized approximately 743 kilograms of cocaine.

On September 27, 2024, United States Magistrate Judge Daniel Irick signed a criminal complaint charging all three of the defendants. That same day, federal arrest warrants were issued for all defendants. On September 30, 2024, all three defendants

were brought ashore in Miami, Florida, processed through immigration authorities, and flown directly to Tampa Florida where they were arrested pursuant to the previously issued arrest warrants. The defendants physically arrived in Tampa after five o'clock P.M. on September 30, 2024. After arriving in Tampa, all three defendants were promptly processed by federal agents. The following day, all three defendants made their initial appearances.

On March 14, 2025, defendant Winiewski filed a motion to suppress evidence based on, *inter alia*, the *Nicollet* not being a stateless vessel and thus not subject to the MDLEA's jurisdiction. Doc. 40. Defendants Adamczyk and Ruta adopted this motion. Docs. 42, 46, 47, 48.

On July 14, 2025, this Court denied the defense motion ruling, *inter alia*, "the *Nicollet* is subject to the jurisdiction of the United States." Doc. 40 at 7.

### LEGAL ANALYSIS

The MDLEA makes it unlawful for an individual "on board a covered vessel" to "knowingly or intentionally" "manufacture or distribute, or possess with intent to manufacture or distribute, a controlled substance." 46 U.S.C. § 70503(a)(1). The MDLEA "applies even though the act is committed outside the territorial jurisdiction of the United States," so long as the individual was aboard a "covered vessel." 46 U.S.C. § 70503(b). In turn, a "covered vessel" is defined as "a vessel of the United States or a vessel subject to the jurisdiction of the United States" or "any other vessel if the individual is a citizen of the United States or a resident alien of the

4

United States." *Id.* § 70503(e). And, as relevant here, a "vessel subject to the jurisdiction of the United States" includes "a vessel registered in a foreign nation if that nation has consented or waived objection to the enforcement of United States law by the United States." *Id.* § 70502(c)(1)(C). "Consent or waiver of objection by a foreign nation to the enforcement of United States law by the United States . . . may be obtained by radio, telephone, or similar oral or electronic means . . . and is *proved conclusively* by certification of the Secretary of State or the Secretary's designee." *Id.* § 70502(c)(2)(A)–(B) (emphasis added).

Here, the government has provided conclusive proof of Poland's consent to the United States' jurisdiction. *See* Doc. 51-1 ("[O]n or about September 20, 2024, the Government of Poland denied registry of the vessel").

To begin, "whether a vessel is subject to the jurisdiction of the United States is not an element of [an MDLEA] offense, but instead is solely an issue of subject matter jurisdiction that should be treated as a preliminary question of law for the court's determination." *United States v. Tinoco*, 304 F.3d 1088, 1105 (11th Cir. 2002); *see United States v. De La Garza*, 516 F.3d 1266, 1271 (11th Cir. 2008) (construing the "'on board a vessel subject to the jurisdiction of the United States' portion of the MDLEA as a congressionally imposed limit on courts' subject matter jurisdiction"). To resolve that preliminary question in cases where the vessel's status turns on a foreign nation's claim, "Congress instructs specifically that courts should treat the MDLEA certification as conclusive of the foreign nation's response." *United States v.*

*Hernandez*, 864 F.3d 1292, 1300 (11th Cir. 2017); *see United States v. Campbell*, 743 F.3d 802, 809 (11th Cir. 2014).

## **ARGUMENT**

Here, there is conclusive proof of Poland's consent to the United States' jurisdiction according to the Plain language of the MDLEA. *See* Doc. 51-1 ("[O]n or about September 20, 2024, the Government of Poland denied registry of the vessel"). The United States respectfully requests a ruling from the Court on this matter prior to the scheduled trial. Should the Court require witness testimony on this issue, however, the United States respectfully requests such testimony be accomplished at trial during the United States' case-in-chief, as the same witnesses on this issue are scheduled to testify at trial, in addition to their testimony that will prove the elements of the charged offenses. This request is based on the logistical arrangements of these witnesses and their limited availability, which has been coordinated for the week of trial.

## CONCLUSION

WHEREFORE, the United States of America, respectfully requests that this Honorable Court enter an order determining as a matter of law that the NICOLLET was subject to the jurisdiction of the United States at the time it was interdicted by United States authorities.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:   */s/ David Rehfuss*
      David Rehfuss
      Special Assistant United States Attorney
      United States Attorney No. 228
      400 N. Tampa St., Ste. 3200
      Tampa, FL 33602-4798
      Telephone: (813) 274-6000
      Facsimile: (813) 274-6358
      E-mail: David.Rehfuss@usdoj.gov

U.S. v. Winiewski, et al     Case No. 8:24-cr-429-CEH-CPT

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the counsel of record.

By:     */s/ David Rehfuss*
        David Rehfuss
        Special Assistant United States Attorney
        United States Attorney No. 228
        400 N. Tampa St., Ste. 3200
        Tampa, FL 33602-4798
        Telephone: (813) 274-6000
        Facsimile: (813) 274-6358
        E-mail: David.Rehfuss@usdoj.gov