UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                        CASE NO. 8:24-cr-429-CEH-CPT

SAWOMIR WINIEWSKI
WIESLAW ROBERT RUTA, and
PIOTR MAREK ADAMCZYK

## UNITED STATES' MOTION IN LIMINE TO PRECLUDE ARGUMENT ABOUT PENALTIES FACED BY THE DEFENDANT

This case is set for trial on February 23, 2026. At that trial, the jury will be asked to determine whether the defendants' drug trafficking involved five kilograms or more of a mixture or substance containing a detectable amount of cocaine. The Government moves in limine to preclude the defendants from advising the jury of the penalties they face.

In federal court, the jury decides a defendant's guilt but does not determine his punishment. To that end, the Eleventh Circuit "does not approve of informing a jury of a minimum or maximum punishment." *United States v. Cox*, 696 F.2d 1294, 1298 (11th Cir. 1983). And the Eleventh Circuit Pattern Jury Instructions reflect this same principle. *See* Eleventh Circuit Pattern Jury Instruction 10.1 (". . .the question of punishment should never be considered by the jury in any way in deciding the case. If the Defendant is convicted the matter of punishment is for the Judge alone to

determine later.").[1] In recognition of this well-established rule, the Court should

preclude the defendant from informing the jury of the penalties he faces if convicted.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:  /s/ David Rehfuss
David Rehfuss
Special Assistant United States Attorney
United States Attorney No. 228
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: David.Rehfuss@usdoj.gov

---

[1] The Supreme Court also recognizes this principle. "It is well established that when a jury has no sentencing function, it should be admonished to reach its verdict without regard to what sentence might be imposed…The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged." *Shannon v. United States*, 512 U.S. 573, 579 (1994). The Supreme Court noted that it was the judge who set the sentence and therefore information regarding the consequences of a verdict is irrelevant to the jury's task. Also, "providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their fact-finding responsibilities, and creates a strong possibility of confusion." *Id*. at 579.

**U.S. v. Winiewski, et al**          **Case No. 8:24-cr-429-CEH-CPT**

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ David Rehfuss*

David Rehfuss
Special Assistant United States Attorney
United States Attorney No. 228
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: David.Rehfuss@usdoj.gov
