UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 8:24-cr-429-CEH-CPT

SLAWOMIR WINIEWSKI
WIESLAW ROBERT RUTA, and
PIOTR MAREK ADAMCZYK

### UNITED STATES' RESPONSE TO DEFENDANTS' MOTION IN LIMINE

The United States of America, by and through undersigned counsel, opposes defendants' Motion *In Limine*. Doc. 87. There is no discovery violation and, even if there were, defendants have not demonstrated substantial prejudice under Rule 16(d)(2) or Eleventh Circuit precedent. The government intends to rely only on discrete, identified exhibits drawn from the defendants' own devices.

### BACKGROUND

Two weeks before trial in this case, the United States produced additional discovery that the Department of Homeland Security, Homeland Security Investigations (HSI) extracted from electronic devices found onboard the sailing vessel NICOLLET. The discovery was provided to undersigned counsel on February 6, 2026, who immediately had it processed for production, making the additional discovery available the next business day, on February 9, 2026. After reviewing the extraction, on February 9, 2026, undersigned counsel provided the defendants a

separate production of the 25 images and two videos the United States may use at trial. Ex. 1.

The photographs and videos the government intends to introduce depict an approximately three-week overhaul of the sailing vessel at issue in this case. The construction was complete days before the defendants' departure from the Dominican Republic to Panama. The vessel was removed from the water and worked on in, what appears to be, a remote location. The images show each defendant either working on the vessel or purchasing equipment and materials consistent with tools for cutting and modifying structural areas of the vessel. The images also document the creation of at least one concealed compartment within the vessel, and images of one completed hidden compartment post-construction. These images are drawn from defendants' own devices and document their participation in the modification of the vessel prior to interdiction.

The defendants seek to exclude electronic data evidence provided on February 6, 2026, or alternatively to remove this matter from the trial docket. They allege prejudice due to the "late…discovery" and "sheer volume of data" and the requirement to utilize Polish and Spanish translation services. Doc. 87.

<u>**ARGUMENT**</u>

**A. There is no discovery violation**

Rule 16 requires the government to permit inspection of material within its possession, custody, or control but it does not impose a duty on the government to create evidence or conduct forensic testing by a particular deadline. *See* Fed. R.

2

Crim. P. 16(a)(1)(D); *see also United States v. Jordan*, 316 F.3d 1215, 1249-50 (11th Cir. 2003) (describing the scope of the government's discovery duties under Rule 16); *United States v. Beaver*, 524 F.2d 963, 966 (5th Cir. 1975) (holding that Rule 16 does not require production of reports that do not exist); see also *United States v. Gray*, 648 F.3d 562, 567 (7th Cir. 2011) (holding that the government is not obligated to conduct additional forensic testing at the defendant's request). Similarly, this is not a *Brady* violation. In *Gray*, the government could have extracted data before trial but instead ran the data extraction during trial. *Gray* 648 F.3d at 566. Like the Rule 16 application here, the *Gray* court found that the prosecution's failure to extract the data and turn it over to defense before trial was not a *Brady* violation. *Id.* Further, "[t]he government is not 'obliged to sift fastidiously' through millions of pages (whether paper or electronic)" looking for exculpatory evidence. *Id.* quoting *United States v. Warshak*, 631 F.3d 266, 297 (6th Cir. 2010); *see also United States v. Alverio–Melendez*, 640 F.3d 412, 424 (1st Cir.2011); *United States v. Monroe*, 943 F.2d 1007, 1011–12 n. 2 (9th Cir.1991).

Federal Rule of Criminal Procedure 16 imposes a continuing obligation to produce discovery to a defendant. *See* Fed. R. Crim. P. 16(c); *see also Jordan*, 316 F.3d at 1249 (holding that the prosecutor must continue to comply with *Brady's* demands once trial begins). In fact, the supplemental discovery rule presupposes that investigations will continue – and continue to generate evidence – up to and even

during trial. *See* Fed R. Crim. P. 16(c) ("A party who discovers additional evidence or material before or during trial must promptly disclose its existence . . . .").

Because the extraction data did not exist prior to February 6, 2026, and was produced to defense promptly upon its creation, there is no basis to characterize this timing as a Rule 16 violation. The defendants' motion fails to identify any actual discovery violation and infers that disclosure in accordance with Rule 16 *was* the underlying violation. The defendants do not overcome the threshold issue of asserting a discovery violation; therefore, the Court should reject their Motion.

**B. Exclusion is a disproportionate and disfavored remedy.**

Sanctions imposed to remedy a discovery violation under Fed. R. Crim. P. 16, or a standing discovery order is reversible error only when it violates a defendant's substantial rights. *United States v. Mosquera*, 886 F.3d 1032, 1045 (11th Cir. 2018); *United States v. Chastain*, 198, F.3d 1338 (11th. Cir. 1999) (failure to disclose a witness would testify as an expert did not require the exclusion of the witness).

A violation of Rule 16 may result in a sanction intended to protect the defendant's right to a fair trial; it is not punitive in nature against the United States. *See*, *e.g.*, *Noe*, 821 F.2d at 604. Factors the court may consider the reasons for the delay in complying with the discovery order, whether there was any bad faith on the part of the prosecution, prejudice to the defendant, and the availability of means to cure the prejudices, including continuances and recesses. *United States v. Turner*, 871 F.2d 1574 (1580 (11th Cir. 1989). *United States v. Euceda-Hernandez,* 768 F.2d 1307 (11th Cir. 1985) (trial court abused discretion in excluding evidence that was

<div align="center">4</div>

produced on the morning of trial); *United States v. Burkhalter*, 735 F.2d 1327 (11th Cir. 1984) (same).

As a general rule, the trial court should impose the least severe sanction necessary, presuming that a violation occurred in the first place, to ensure prompt and complete compliance with discovery. *See Turner*, 871 F.2d at 1580. These lesser sanctions include continuances and recesses. *Id.* Thus, in *Turner*, the Eleventh Circuit found an appropriate remedy when the trial court permitted defense counsel a recess to review transcripts that were not produced before trial. "It would be a rare case where, absent bad faith, a district court should exclude evidence rather than continue the proceedings." *United States v. Golyansky*, 291 F.3d 1245, 1249 (10th Cir. 2002).

Not only do the defendants fail to raise a discovery violation or legally supported relief, but should the Court exclude the evidence, it would be an abuse of discretion. *See Burkhalter*, 735 F.2d 1327 (11th Cir. 1984). In reaching that conclusion, the Eleventh Circuit identified less severe remedies – such as continuing the trial – to cure the prejudice to the defendant. *Id.* In *Burkhalter*, the government's failure to learn the relevant witnesses' role was caused by the "failure of the investigator to contact them until several days before trial." *Id.* Ultimately, the Eleventh Circuit held that the trial judge committed an abuse of discretion after suppressing the proposed testimony of two coconspirators that were disclosed the morning of trial. So too here, the investigators did not extract the electronic data until weeks before trial, however this does not necessitate the suppression of evidence.

For receiving discoverable materials two weeks before trial, the defendants seek the one of the most severe discovery sanctions available under the Rules: exclusion. *See* Doc. 87 at 3 (seeking "the exclusion of the untimely data evidence provided by the Government"). In doing so, however, they allege the only prejudice is that it "will be impossible for defense counsel to review all the approximately 683 gigabytes of data prior to the trial." *Id.* Assuming, *arguendo*, there is a discovery violation, the requested sanction is not proportional to the alleged prejudice.

**C. Defendants cannot demonstrate substantial prejudice.**

The prejudice alleged by the defendants is exaggerated. While production, in total, amounted to approximately 683 gigabytes of data, the amount of actual relevant data is much smaller and readily discernable. The interdiction occurred on September 20, 2024. The relevant conduct, including the photographs and videos already highlighted to defense, occurs in the two months leading up to the interdiction – removing data from as early as 2004 from consideration and simplifying the analysis. Moreover, the United States already highlighted the 25 photos and two videos it may introduce at trial, further removing the guesswork and, therefore, removing any alleged prejudice.

Substantial prejudice exists when a defendant is unduly surprised and lacks an adequate opportunity to prepare a defense or if the mistake substantially influences the jury. *Mosquera*, 886 F.3d at 1045. Prejudice is measured by "how the violation affected the defendant's ability to present a defense." *Noe* 821, F.2d at 607. The extraction consists of data from the defendants' own phones. In assessing prejudice,

the Eleventh Circuit has emphasized the significance of whether the late-produced

evidence was unknown to the defendant, noting that when the material originates

from the defendant, any resulting prejudice is readily addressed through less severe

remedies. *Euceda-Hernandez*, 768 F. 2d at 1312-13. The defendants cannot plausibly

claim surprise about photos on their own phones. Photos from another codefendant's

phone are equally unsurprising when the photo is of oneself.

The government's trial use of this data is limited and defined. The United

States will not attempt to introduce the 683 gigabytes wholesale. It plans to introduce

only discrete, Bates-identified photos and videos already separately produced

because this evidence indicates each defendant knew about and participated in the

creation of at least one hidden compartment. If foreign language exhibits are

introduced, the government will provide appropriate translations consistent with

evidentiary requirements but does not intend to introduce any foreign language

evidence from this production, at this time. The government is continuing to

evaluate certain metadata, including GPS information. If the government determines

it will seek to introduce any GPS-derived evidence at trial, it will identify such

evidence in advance. Moreover, any GPS data is not a surprise as various other

travel documents (that were produced long ago) already indicate each defendants'

location before and during the voyage.

In this case, the disclosures do not materially change the case against the

defendants; rather they simply strengthen the evidence. Suppressing probative

evidence "sacrifice[es] the fair administration of justice and the accurate

determination of guilt and innocence." *Euceda-Hernandez*, 768, F.2d at 1312. The allegations remain the same: the defendants conspired to traffic cocaine on the high seas and utilized a secret compartment in furtherance of the conspiracy. Corroboration of these facts through photos, videos, and GPS data – all evidence that was made available for inspection and copying to defense from the onset – only prejudice the defendants to the extent that it makes the case against them stronger.[1]

## **CONCLUSION**

Defendants have not demonstrated substantial prejudice under Rule 16(d)(2) or Eleventh Circuit precedent. The government intends to rely only on discrete, identified exhibits drawn from the defendants' own devices. For the foregoing reasons, the defendants' motion should be denied.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:  */s/ David Rehfuss*
David Rehfuss
Special Assistant United States Attorney
United States Attorney No. 228
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: David.Rehfuss@usdoj.gov

---

[1] "As with all discovery materials, the original materials, including any items described in reports provided in discovery, are available for inspection and/or copying by contacting the undersigned Special Assistant United States Attorney." Ex. 2 dtd October 15, 2024.

**U.S. v. Winiewski, et al**             **Case No. 8:24-cr-429-CEH-CPT**

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

<div style="margin-left: 45%;">

*/s/ David Rehfuss*

David Rehfuss
Special Assistant United States Attorney
United States Attorney No. 228
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: David.Rehfuss@usdoj.gov

</div>