

**2110 First Street, Suite 3-137**
**Fort Myers, Florida 33901**
**239/461-2200**
**239/461-2219 (Fax)**

**35 SE 1st Avenue, Suite 300**
**Ocala, Florida 34471**
**352/547-3600**
**352/547-3623 (Fax)**

**U.S. Department of Justice**
*United States Attorney*
*Middle District of Florida*
————
**Main Office**
**400 North Tampa Street, Suite 3200**
**Tampa, Florida 33602**
**813/274-6000**
**813/274-6358 (Fax)**

**300 N. Hogan Street, Suite 700**
**Jacksonville, Florida 32202**
**904/301-6300**
**904/301-6310 (Fax)**

**400 West Washington Street, Suite 3100**
**Orlando, Florida 32801**
**407/648-7500**
**407/648-7643 (Fax)**

Reply to: **Tampa, FL**                                                                                                    **AH**

October 15, 2024

**<u>Via USAFx</u>**

**Ryan Maguire**
Federal Public Defender's Office
400 N Tampa St Ste 2700
Tampa, FL 33602-4726
813-228-2715
Email: ryan_maguire@fd.org

**Wes Trombley**
Trombley & Hanes
707 N. Franklin Street, 10th
Tampa, FL 33602
813-229-7918
Email:
wtraombley@trombleyhaneslaw.com

**Omar Abdelghany**
550 N. Reo Street, Suite 300
Tampa, FL 33609
813-461-5291
Email: attorney@tampa-criminal-attorney.com

Re: *United States v. Winiewski, et al.*
Case No. 8:24-cr-429-CEH-CPT

Dear Counsel:

In connection with the above-captioned case and pursuant to Fed. R. Crim. P. 16(a), please be advised of the following:

With respect to the substance of any oral statement that the government intends to offer in evidence at trial made by any defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent, reports of any such statements are enclosed.  The substance of

relevant written or recorded statements made by a defendant is within the enclosed materials. Any additional reports containing defendants' statements will be produced upon receipt.

None of the defendants has a prior criminal history known at this time.

I am providing your office with copies of law enforcement records which are relevant to the above-noted case, including a copy of the United States Coast Guard law enforcement case package provided in connection with this case. This case package includes, but is not limited to, the following: official statements provided by U.S. Coast Guard law enforcement personnel, still and video imagery obtained by the U.S. Coast Guard, the results and associated reports of any narcotics field testing conducted by the U.S. Coast Guard, and other associated U.S. Coast Guard reports. A complete list of the provided discovery materials can be found in the enclosed discovery index. The discovery materials are being produced via USAFx.

The United States intends to introduce the materials, evidence, statements, and other items described in the discovery materials provided herein, including those items described in the reports provided in discovery, during the trial of this case. As with all discovery materials, the original materials, including any items described in reports provided in discovery, are available for inspection and/or copying by contacting the undersigned Special Assistant United States Attorney.

The United States intends to call PANEX agents, Coast Guard personnel, and other government-affiliated personnel to testify about international maritime drug smuggling. The government does not concede that all, or even some, of this witnesses' testimony will constitute expert testimony, as much of it will be based on personal knowledge and would constitute proper lay opinion testimony. Nonetheless, this disclosure is provided out of an abundance of caution.

The above-mentioned personnel will testify about, among other things, the various maritime means and methods of drug trafficking organizations operating in and around the Caribbean Sea. These witnesses will describe the common recruiting, hiring, and employment patterns and practices of such maritime drug trafficking organizations, including the coaching these organizations give to their mariners in the event of a U.S. interdiction.

The above-mentioned personnel will testify about the economics of such maritime drug operations, the wholesale/retail values and packaging of the cocaine involved, and the common maritime smuggling methods, points of departure and routes utilized by such organizations when they transport shipments of cocaine from Colombia and Venezuela to, among other locations, Central America, for eventual importation into, and distribution in, the United States.

The above-mentioned personnel will testify that vessels such as the one utilized by the defendants in this case, operating in the Caribbean Sea, are routinely used to smuggle wholesale quantities of cocaine. They will also testify that the defendants' vessel was operating in a known cocaine-smuggling area.

The United States intends to present the expert witness testimony of the forensic chemist(s) who performed and will perform the analysis with respect to the controlled substances seized in this case. The United States will provide you with copies of the *curriculum vitae* of the chemist(s) prior to trial.

The United States makes the following additional disclosures regarding this case:

   a.   Electronic surveillance, including electronic surveillance pursuant to 18 U.S.C. § 2510 (11), was not used in this case;

   b.   The defendants were not identified using a lineup, photo array, or similar identification proceeding, nor was a confidential informant used;

   c.   The evidence obtained thus far and intended for introduction at trial was not obtained as a result of a search warrant issued pursuant to Fed. R. Crim. P. 41.

The United States is aware of continuing discovery obligations pursuant to Fed. R. Crim. P. 16(c) and will make you aware of such materials as soon as practicable if such materials come to our attention.

The United States is further aware of our obligations under Brady v. Maryland, and will comply with the same. Any materials required to be disclosed

3

pursuant to <u>Giglio v. United States</u> and progeny, and Fed. R. Evid. 404(b), if any, will be provided at a reasonable time prior to trial. The United States intends to introduce any relevant evidence of your client's prior crimes, wrongs, or other acts, whether charged or uncharged, in its case-in-chief at trial.

Pursuant to Fed. R. Crim. P. 16(b), the United States requests the following:

     a.    Books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in chief at the trial. Fed. R. Crim. P. 16(b)(1)(A).

     b.    Any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendant, which the defendant intends to introduce as evidence in chief at the trial or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to that witness' testimony. Fed. R. Crim. P. 16(b)(1)(B).

     c.    A written summary of testimony that the defendant intends to use under Rule 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, describing the witnesses' opinions, the bases and reasons for those opinions and the witnesses' qualifications. Fed. R. Crim. P. 16 (b)(1)(C).

To be effective and capable of being accepted, plea offers from the United States must be in writing and contain all terms of the offer in a proposed written plea agreement. Oral communications regarding a potential plea are merely preliminary plea discussions and do not constitute a formal plea offer from the United States.

The case agent is CGIS Special Agent Paul Maurizio, and he can be reached at steven.p.maurizio@dea.gov. If you have any questions concerning any of the foregoing, please do not hesitate to contact me.

Sincerely,

ROGER HANDBERG
United States Attorney

By:    /s/ *Ashley Haynes*
Ashley Haynes
Special Assistant United States Attorney